Stip affects plan confirmation 8/27/2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No.: 19-12595 |
| Mark Nottingham | : | Chapter 13 |
| Carolynn Nottingham | : | Judge Eric L. Frank |
| | : | ******************** |
| Debtor(s) | : | * |
| | : | |
| Chimera REO 2018-NR1 LLC | : | |
| Movant, | : | Date and Time of Hearing |
| vs | : | August 20, 2019 at 9:30 a.m. |
| | : | |
| | : | Place of Hearing |
| Mark Nottingham | : | U.S. Bankruptcy Court |
| Carolynn Nottingham | : | 900 Market Street, Courtroom #1 |
| | : | Philadelphia, PA, 19107 |
| William C. Miller | : | |
| Respondents. | | Related Document # 31 |

## STIPULATION FOR SETTLEMENT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO REAL PROPERTY LOCATED AT 1218 PRIMROSE COURT, BENSALEM, PA 19020 (Dkt. #31)

This matter coming to be heard on the *Motion for Relief from Stay* (Dkt. #31) which was filed in this court by Chimera REO 2018-NR1 LLC ("Movant"), by and through its mortgage servicing agent Nationstar Mortgage LLC d/b/a Mr. Cooper,, Movant and Mark Nottingham and Carolynn Nottingham by and through counsel (collectively, "Debtor"), have agreed to a course of action which will condition the continuation of the automatic stay upon certain provisions incorporated herein for the protection of Movant; and Parties stipulate to the following and request a Court order confirming the same:

1. The Parties agree that the Chapter 13 Plan ("Plan") filed herein on behalf of Debtor provided that said Debtor was to make regular monthly mortgage payments to Movant outside of the Plan in a regular monthly fashion.

2. The Parties agree that in breach of said Plan, Debtor failed to make regular monthly mortgage payments to Movant and is currently in default for the months of May 2019 through August 2019, incurring a total post-petition arrearage of $10,911.76, which consists of 4 post-petition payments for May 1, 2019 through August 1, 2019 at $2,470.19 each and attorney fees and costs of $1,031.00.

3. Debtor shall repay the total post-petition arrearage of $10,911.76 directly to the Chapter 13 Trustee who shall then disperse the funds to Creditor.

4. Debtor shall submit ongoing monthly mortgage payments directly to the Creditor starting with the September 8, 2019 post-petition payment.

1

19-023549_SCS2

5. Debtor shall file an amended Chapter 13 Plan wherein the post-petition arrearage for the months of May 2019 through August 2019 is included in the Plan. Debtor shall file the Amended Chapter 13 Plan within thirty (30) days of the Court Order approving this stipulation.

6. Movant is permitted to file a Supplemental Proof of Claim in the amount of $10,911.76 representing the total post-petition delinquency. The Supplemental Proof of Claim shall be paid as a secured claim through the Chapter 13 Plan.

7. Payments shall be sent to:

   Nationstar Mortgage LLC d/b/a Mr. Cooper
   Attention: Bankruptcy Department
   PO Box 619094
   Dallas TX 75261-9741

8. Upon completion of the repayment schedule listed above or tender of sufficient funds to bring the loan post-petition current, Debtor must continue to make timely post-petition mortgage payments directly to Movant in a regular monthly fashion.

9. The following are events of default under this Stipulation:

   a. Debtor's failure to file an Amended Chapter 13 Plan within 30 days of the Court Order approving this stipulation;

   b. Debtor's failure to remit any two (2) post-petition monthly mortgage payments;

10. In the event of a Default, Movant shall send a Notice specifying the Default, to Debtor and Debtor's counsel ("Notice"), allowing Debtor ten (10) days to cure the Default ("Cure Opportunity"). If the Default is not cured, Movant shall file a Certification of Default with the Court. The automatic stay shall be terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property upon the Court's entry of an Order granting Movant's Certification of Default.

11. If Movant has to send a Notice of Default, the Debtor shall pay $100.00 per notice, as attorney fees, in addition to whatever funds are needed to cure the default prior to the expiration of the allowed cure period.

12. This Stipulation remains in full force and effect in the event Debtor's case is dismissed by the Court and Debtor subsequently reinstates his case by order of the Court and/or the Movant obtains relief from stay and the stay is subsequently reinstated by order of the Court.

13. If this bankruptcy proceeding is converted to Chapter 7, dismissed or discharged, this Order shall be terminated and have no further force or effect.

Dated: 8/14/19

MANLEY DEAS KOCHALSKI LLC

BY: K. Velter
Karina Velter (94781)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028
614-220-5611; Fax 614-627-8181
Email: kvelter@manleydeas.com
Attorney for Creditor

Dated: 8/14/19

BY:
Brad J. Sadek
Sadek and Cooper
1315 Walnut Street, Suite 502
Philadelphia, PA 19107
Email: brad@sadeklaw.com
Attorney for Debtor

I do not object to the foregoing Stipulation

William C. Miller
P.O. Box 1229
Philadelphia, PA 19105

NO OBJECTION
*without prejudice to any
trustee rights and remedies.

3