IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>Mark Nottingham and Carolynn Nottingham<br>　　　　Debtors | : Bankruptcy No. 19-12595-ELF<br>: Chapter 13<br>:<br>: |
| Onyx Bay Trust c/o Select Portfolio Servicing, Inc.<br>　　　　Movant | :<br>:<br>:<br>: |
| Mark Nottingham and Carolynn Nottingham<br>　　　　Debtors/Respondents<br>　　and<br>William C. Miller, Esquire<br>　　　　Trustee/Respondent | :<br>:<br>:<br>:<br>:<br>: |

## CONSENT ORDER / STIPULATION AGREEMENT SETTLING
## MOTION FOR RELIEF FROM AUTOMATIC STAY

AND NOW, upon the Motion of Onyx Bay Trust c/o Select Portfolio Servicing, Inc. ("Creditor"/"Movant"), through its counsel, Hladik, Onorato & Federman, LLP, for relief from the automatic stay pursuant to Bankruptcy Code § 362(d) as to certain property, 1218 Primose Court a/k/a 1218 Primrose Court, Bensalem, PA 19020 (the "Property"), it is hereby agreed as follows:

Mark Nottingham and Carolynn Nottingham (hereafter, "Debtors") acknowledge that the following monthly post-petition mortgage payments are due as follows:

　　　　Payments (07/01/19 – 03/01/20 @ *$175.02 each*) .............. **$1,575.18**
　　　　Arrears ("Arrears") ........................................................................ **$1,575.18**

1.　　Debtors shall cure the Arrears as set forth above by paying one-sixth (1/6) of the Arrears per month (*$262.53/month*) for the next six (6) months, together with the regular monthly mortgage payment (currently *$175.02/month*), for a total combined monthly payment of ***$437.55*** for the next six (6) months, beginning on ***April 01, 2020***. In the event the regular monthly payment changes for any reason, then the amount due pursuant to this Paragraph shall be adjusted accordingly. Thereafter, Debtors agree to continue making the regular monthly mortgage payments.

2.　　Debtors shall make the regular monthly payments required to the Trustee.

3. Debtors shall send all payments due directly to Creditor at the address below:

**Select Portfolio Servicing, Inc.**
**Attn: Remittance Processing, P.O. Box 65450**
**Salt Lake City, UT 84165-0450**

**Select Portfolio Servicing, Inc.'s** loan #xxxxxx3371 must appear on each payment.

4. In the event Debtors fail to make any of the payments set forth hereinabove (or real estate taxes and/or hazard insurance when due) on or before their due dates, Creditor and/or Counsel may give Debtors and Debtors' counsel notice of the default. If Debtors do not cure the default within ten (10) days of the notice, upon Certification of Default to the Court, and request for Order, with a copy to Debtors and Debtors' counsel, Creditor shall be entitled to the entry of an Order for relief from the automatic stay.

5. The failure by the Creditor, at any time, to file a Certification of Default upon default by the Debtors shall not be construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

6. Upon issuance of the aforesaid Order, the parties hereto further agree that Creditor may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

7. In the event Debtors convert to a bankruptcy under Chapter 7 of the Bankruptcy Code then Debtors shall pay all pre-petition arrears and post-petition arrears within 10 days from the date the case is converted. If Debtors fails to make payments in accordance with this paragraph then the Creditor, through Counsel, may file a certification setting forth said failure and the Creditor shall be granted immediate relief from the automatic stay.

8. It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived.

By signing this Stipulation, Debtors' Counsel represents that the Debtors are familiar with and understand the terms of this Stipulation and agree to said terms regardless of whether the Debtors have actually signed this Stipulation. Seen and agreed by the parties on the date set forth below:

/s/ Stephen M. Hladik
Stephen M. Hladik, Esquire
Counsel for Creditor

Date: 04/01/2020

Brad J. Sadek, Esquire
Counsel for Debtors

Date: 4/2/20

/s/ LeRoy W. Etheridge, Esq. for
William C Miller, Esquire
Trustee

NO OBJECTION
*without prejudice to any
trustee rights and remedies

Date: 7/27/2020


AND NOW, this_____ day of _____, 2020, it is hereby ORDERED that this Stipulation Agreement between the parties is hereby approved.

Honorable Eric L. Frank
U.S. Bankruptcy Judge